IN THE UNITED STATES DISTRICT COURT
FOR THE MIDDLE DISTRICT OF ALABAMA
NORTHERN DIVISION

| | |
|---|---|
| CHERYL SUTTLES, ) | |
| ) | |
| Plaintiff, ) | |
| ) | |
| v. ) | CASE NO.  2:15-cv-934-WHA-TFM |
| ) | |
| VENDOR RESOURCE MANAGEMENT, ) | |
| et al., ) | |
| ) | |
| Defendants. ) | |

**REPORT AND RECOMMENDATION OF THE MAGISTRATE JUDGE**

Pursuant to 28 U.S.C. § 636(b)(1), this case was referred to the undersigned United States Magistrate Judge for review and submission of a report with recommended findings of fact and conclusions of law (Doc.  , entered  ).  Now pending before the Court is a Motion for Remand (Doc. 8).  The motion is fully submitted and ripe for review.  For good cause shown, the Magistrate Judge recommends that the Motion for Remand be GRANTED as discussed within this opinion.

I.      Facts and Procedural History

Cheryl Suttles ("Suttles") took out a home loan in September of 2007.  The loan was secured by a mortgage by Anchor Mortgage Services, Inc. ("Anchor"), with Mortgage Electronic Registration Systems, Inc. ("MERS") as nominee.  The loan was transferred to CitiMortgage, Inc. ("CitiMortgage").  The mortgage was then transferred to Vendor Resource Management ("VRM"), the agent of Secretary of Veterans Affairs.  On May 13, 2014, CitiMortgage foreclosed on Suttles' home.

On August 11, 2014, VRM filed a complaint against Suttles in the Circuit Court of Elmore County, Alabama for ejectment.  Suttles filed a counterclaim against VRM and named

CitiMortgage, MERS, and Anchor as "Counterclaim-Defendants." (Doc. 1-9). Suttles' counterclaims include claims against CitiMortgage under the federal Fair Debt Collection Practices Act, the Fair Credit Reporting Act, the Real Estate Settlement Procedures Act, the Truth in Lending Act, and violation of state law.  While the case was pending in state court, CitiMortgage filed an Answer.  On November 23, 2015, the state Circuit Court dismissed VRM's claims against Suttles.  On December 18, 2015, the Circuit Court dismissed Suttles' claims in Counts 1 through 15 against VRM with prejudice.  (Doc. 1-2 at p. 376).   The one remaining counterclaim against VRM was dismissed after a Joint Stipulation of Dismissal was filed. (Doc. 1-2 at p. 408).

CitiMortgage filed a Notice of Removal in this court on December 18, 2015. CitiMortgage states in the Notice of Removal that the case is properly removable under 28 U.S.C. §1441 because the United States District Court has original jurisdiction over this case under 28 U.S.C. §1331.

## II.  MOTION TO REMAND STANDARD

Federal courts are courts of limited jurisdiction.  *See Kokkonen v. Guardian Life Ins. Co. of America*, 511 U.S. 375 (1994); *Burns v. Windsor Insurance Co.*, 31 F.3d 1092, 1095 (1994); *Wymbs v. Republican State Executive Committee*, 719 F.2d 1072, 1076 (11th Cir. 1983), cert. denied, 465 U.S. 1103 (1984).  As such, federal courts only have the power to hear cases that they have been authorized to hear by the Constitution or the Congress of the United States.  *See Kokkonen*, 511 U.S. at 377.  Because federal court jurisdiction is limited, the Eleventh Circuit favors remand of removed cases where federal jurisdiction is not absolutely clear.  *See Burns*, 31 F.3d at 1095.

Because this case was originally filed in state court and removed to federal court, the Defendants bear the burden of proving that federal jurisdiction exists. *Williams v. Best Buy Co., Inc.*, 269 F. 3d 1316, 1319 (11th Cir. 2001).

### III.  DISCUSSION

Title 28 of the United States Code §1441(a), provides for removal by the "defendant or the defendants." Federal law determines who is a plaintiff and who is a defendant for purposes of removal. *Chicago, R.I. & P.R. Co. v. Stude*, 346 U.S. 574, 580 (1954). A majority of federal courts have held a third-party defendant is not a "defendant" within the meaning of §1441. *See Interior Cleaning Sys., LLC v. Crum*, No. CIV.A. 14-0199-WS-N, 2014 WL 3428932, at *3 (S.D. Ala. July 14, 2014).

Consistent with this majority view, Suttles contends that because CitiMortgage was not a defendant in the original action, it is not a party that can remove the case to federal court. Binding precedent in the Eleventh Circuit, however, has recognized exceptions to the general rule relied on by Suttles, and one of those exceptions is relied on by CitiMortgage in removing this case.

The former Fifth Circuit took the minority view and allowed removal by a third-party defendant in *Carl Heck Engineers, Inc. v. Lafourche Par. Police Jury*, 622 F.2d 133 (5th Cir. 1980).[1]

Suttles questions the continued vitality of *Carl Heck* and asserts that the controlling law on the issue is *Holmes Group, Inc. v. Vornado Air Circulation Sys.*, 535 U.S. 826 (2002), which she suggests stands for the proposition that third-party defendants should never be able to remove cases.

---

[1] In *Bonner v. City of Prichard*, 661 F.2d 1206, 1209 (11th Cir.1981) (*en banc*), the Eleventh Circuit adopted as binding precedent all decisions of the former Fifth Circuit handed down prior to October 1, 1981.

In this court, *Carl Heck* has been interpreted post-*Holmes Group* to mean that a third-party defendant, but not a counterclaim defendant, can remove a case to federal court. *Bank of New York Mellon v. Reaves*, No. 3:15cv311-WKW, 2015 WL 5736395, at *3 (M.D. Ala. Sept. 30, 2015) (Watkins, C.J.). This court has reasoned that the better course, given that removal statutes are to be construed strictly, is to remand "rather than to guess what this circuit might do if presented with the unsettled issue of whether *Carl Heck* should be extended to removals by counter-defendants." *Id.* at *4 (citing *Citibank (S. Dakota), N.A. v. Duncan*, No. 2:09cv868-WKW, 2010 WL 379869, at *2 (M.D. Ala. Jan. 25, 2010)). This court is persuaded by *Reaves* that an exception to the general rule against removability by third-party defendants should not be expanded.

In the instant case, CitiMortage does not rely on the exception in *Carl Heck*, but instead relies on a different exception, applied in *Central of Georgia Ry. Co. v. Riegel Textile Corp.*, 426 F.2d 935 (1970). (Doc. 10 at p.11). In *Riegel*, the defendant employer of the plaintiff filed a third-party complaint against a third-party. The former Fifth Circuit concluded that where the third-party complaint had been severed by the state court, it was properly removed by the third-party defendant. 426 F.2d at 938.

This court has applied the *Riegel* exception and determined that a third-party defendant may remove the claims asserted against him when the state court has severed third-party claims from those in the original complaint prior to removal. *See Title Pro Closings, LLC v. Tudor Ins. Co.*, 840 F. Supp. 2d 1299, 1304 (M.D. Ala. 2012); *Roberson v. Alabama Trucking Ass'n Workers' Comp. Fund*, No. 3:11cv933-SRW, 2012 WL 4477648, at *1 (M.D. Ala. Sept. 27, 2012). In *Title Pro Closings*, the court held that a third-party defendant could remove a case to federal court when the original plaintiff was severed from the claim. 840 F. Supp. at 1304. The

right of the third-party defendant arose when the state court severed the claims brought by the original plaintiff, leaving only the original defendant and the third-party defendant. *Id.* The court found that the severance "transforms the original defendant into a plaintiff and the third-party defendant into a defendant capable of removing the action." *Id.*

Another district court in this circuit has examined the application of the *Riegel* exception in a case in which claims were not severed by the state court, but instead, the plaintiff was granted judgment. *See Interior Cleaning Systems*, 2014 WL 3428932, at *3-*4. In *Interior Cleaning Systems*, the court explained that where third-party claims have been severed, removal by a third-party defendant does not cause any interference with the plaintiff's choice of forum. *Id.* at *3. In that case, however, where there were post-judgment issues, the court foresaw continued litigation of the original plaintiff's claims, which would have to occur in federal court, because there had been no severance of the claims by the state court. *Id.* The court concluded, therefore, that *Riegel* did not apply, and that removal was improper. *Id.* at *5.

CitiMortgage takes the position that a case in which claims are severed by the state court, as in *Riegel*, and a case in which the claims are dismissed by the state court, as in the instant case, should be treated the same, citing *Johns, Pendleton & Assoc. v. Miranda, Warwick & Milazzo*, No. 02-1486, 2002 WL 31001838, at *3 (E.D. La. Sept. 4, 2002). The *Johns* case relied on by CitiMortgage is acknowledged by district courts in the Fifth Circuit to recognize an exception where claims are dismissed rather than severed. *See, e.g., F.L. Crane & Sons, Inc. v. IKBI, Inc.*, 630 F. Supp. 2d 718, 721 (S.D. Miss. 2009) (referring to the "*Johns* exception.").

This court is persuaded by reasoning in *Interior Cleaning Systems* that there is a reason for distinguishing severance of third-party claims from dismissal of those claims by the state court. In that case, the court pointed out that there were questions about the enforceability of a

judgment on the plaintiff's claims, and reasoned that if the removal were allowed, the original plaintiff would be forced to litigate those issues in federal court, which was not the state forum of its choosing. 2014 WL 3428932, at *5. Applied in this case, even though the claims by and against the original plaintiff, VRM, were dismissed in the state court, there may be circumstances warranting judicial oversight over the state court's dismissal and which, because the claims were not severed, would cause the original plaintiff to litigate in this court, a forum that the original plaintiff did not choose. *See id.* at *4.[2] Because dismissal is not the same as severance of third-party claims in this significant way, applying *Riegel* in a case involving dismissal would be an extension of the *Riegel* exception.

Federal courts are directed to construe removal statutes strictly and to resolve all doubts about jurisdiction in favor of remand to state court. *See Univ. of S. Ala. v. Am. Tobacco Co.*, 168 F.3d 405, 411 (11th Cir. 1999). When applying the *Carl Heck* exception, as discussed above, this court has declined to extend the exception, and instead resolved the doubt about jurisdiction in favor of remand. *Reaves*, 2015 WL 5736395 at *4. This court concludes that the same reasoning should be applied in the context of the *Riegel* exception. Other courts bound by the *Riegel* decision have reached a similar conclusion. *See, e.g., ConocoPhillips Co. v. Turner Industries Group, LLC, No*. G-05-516, 2006 WL 213956, at *2 (S.D. Tex. Jan. 24, 2006) (stating that "[c]onstruing the *Riegel* decision strictly requires its limitation to cases where the claim sought to be removed has been severed from the original claims.").

*Riegel* allows for removability when a third-party which was not an original defendant became a defendant entitled to removal because the original plaintiff's claims were severed by

---

[2] CitiMortgage cites to this decision as support for treating dismissal and severance of claims by the state court the same way for purpose of removal, but *Interior Cleaning Systems* only distinguished the facts of a judgment from both a dismissal and severance, and did not address whether there was a difference between a dismissal and a severance of claims by the state court. 2014 WL 3428932, at *3.

the state court. Severance did not happen in this case, so *Riegel* does not apply. Accordingly, the case was improperly removed to this court from state court, and the Motion to Remand is due to be GRANTED.

## IV.  CONCLUSION

For reasons discussed, it is the **RECOMMENDATION** of the Magistrate Judge that the Motion to Remand (Doc. 8) be **GRANTED**.

It is further **ORDERED** that the parties shall file any objections to the said Recommendation on or before March 16, 2016. Any objections filed must specifically identify the findings in the Magistrate Judge's Recommendation to which the party objects. Frivolous, conclusive or general objections will not be considered by the District Court. The parties are advised that this Recommendation is not a final order of the court and, therefore, it is not appealable.

Failure to file written objections to the proposed findings and recommendations in the Magistrate Judge's report shall bar the party from a de novo determination by the District Court of issues covered in the report and shall bar the party from attacking on appeal factual findings in the report accepted or adopted by the District Court except upon grounds of plain error or manifest injustice. *Nettles v. Wainwright*, 677 F.2d 404 (5th Cir. 1982); *Stein v. Reynolds Securities, Inc.*, 667 F.2d 33 (11th Cir. 1982); *see also Bonner v. City of Prichard*, 661 F.2d 1206 (11th Cir. 1981, en banc) (adopting as binding precedent all of the decisions of the former Fifth Circuit handed down prior to the close of business on September 30, 1981).

DONE this 1st  day of March, 2016.

/s/Terry F. Moorer  
TERRY F. MOORER  
UNITED STATES MAGISTRATE JUDGE